## STRICKLAND v. BRIDGES.

1. The sole heir at law of a distributee of an intestate estate cannot maintain an action for account against the administrators of the first intestate. The action must be brought by an administrator of the distributee.
2. An administrator *de bonis non* is a necessary party to an action for an account of the administration by the first administrators.
3. It is error to rule that after twenty years the legal presumption of payment cannot be rebutted.
4. No matter what were the reasons given, the refusal of a Circuit judge to permit an amendment, whereby a new party (not known to exist) would be substituted for a sole plaintiff, will not be disturbed.
5. *Jennings* v. *Springs, Bail. Eq.*, 181, explained, and its present authority doubted.

Before ALDRICH, J., Marlboro, June, 1883.

The opinion fully states the case.

*Mr. C. P. Townsend*, for appellant.

The complaint is sufficient. 18 *S. C.*, 469. No proof that

twenty years have elapsed since last return. Presumption commenced to run at death of administrator. 16 *S. C.*, 184; 5 *Rich. Eq.*, 31; 3 *Hill*, 335; *Harper*, 287. Plea of payment should be specially pleaded and opportunity offered to contest it with proof. See 17 *S. C.*, 488; 3 *Strob.*, 450. This is an action against a trustee. 14 *Rich. Eq.*, 176; 14 *S. C.*, 485. This plaintiff can sue the administrator and the sureties in equity. 2 *McCord Ch.*, 209; *McMull. Eq.*, 485; 2 *Rich. Eq.*, 123; 6 *Rich. Eq.*, 266; and has legal capacity to bring this action. 1 *Rich. Eq.*, 23; 11 *Id.*, 403; *Gen. Stat.*, § 1885; 9 *S. C.*, 253. There are no creditors and no necessity for administration. There is a distinction between a creditor and a distributee. *Rice*, 350. A creditor must claim through an administrator. The cases in 1 *McCord Ch.*, 506, and 2 *Id.*, 170, do not apply, and are explained in 1 *Rich. Eq.*, 123. An administrator *de bonis non* of W. D. Bridges is not necessary. *Gen. Stat.*, §§ 1896, 1903; 1 *Rich. Eq.*, 123. It would be so, if the action was by a creditor. 1 *Wms. Ex'rs*, 363; 9 *S. C.*, 253; 16 *Id.*, 432. Administration on Dorcas Odom's estate is not necessary; there are no debts, and she is a sole distributee. 2 *Nott & McC.*, 213.

*Mr. Knox Livingston*, contra.

March 22, 1884. The opinion of the court was delivered by

MR. JUSTICE McIVER. The action in this case was commenced April 12th, 1883. And the plaintiff in her complaint alleges: 1. That Wm. Beverly departed this life intestate on December 5th, 1857, leaving a personal estate, and that his only heirs at law and distributees were his two aunts, Elizabeth Wise and Dorcas Odom. 2. That administration of his personal estate was duly committed to Wm. D. Bridges and Eliz. Wise. 3. That Wm. D. Bridges died in February, 1864, leaving a will, and that the persons named as executors therein having duly renounced, administration *cum test. an.* of his estate was duly granted to the defendant, Eliza D. Bridges. 4. That Elizabeth Wise died intestate on June 14th, 1878, and letters of administration upon her estate were duly granted to the defendant, John Wise; and that Dorcas Odom died intestate in May, 1868, "leaving as her

only heir at law the plaintiff, Mary Ann Strickland, and that she owed no debts at the time of her death, and left no property except her interest in the estate of the intestate, William Beverly."
5. That Wm. D. Bridges and Eliz. Wise, upon their appointment as administrators as aforesaid, executed the usual administration bond, with the defendant, John Covington, and one Charles Cottingham as sureties, and that the said Cottingham departed this life intestate July 21st, 1875, and the defendant, C. M. Weatherly, as clerk of the Court of Common Pleas, is now his administrator.
6. That the said Wm. D. Bridges and Eliz. Wise have never accounted as administrators of the estate of Wm. Beverly, nor have their personal representatives so accounted since their death. 7. "That the plaintiff and the children and grandchildren of Elizabeth Wise are the only heirs at law of the said Wm. Beverly, deceased, and are entitled to whatever may be found in the hands of the personal representatives of his administrators on an accounting, or may be recovered on the administration bond." 8. That the estate of Eliz. Wise is insolvent, she having left no property except her interest in the estate of Wm. Beverly. Wherefore the plaintiff demanded judgment that Eliza D. Bridges and John Wise should account for the actings and doings of their respective intestates as administrator and administratrix of the estate of said Wm. Beverly, and that judgment be rendered against them, as well as against said John Covington and said Weatherly, as sureties on the administration bond, for whatever balance may be found due upon such accounting, and that such balance may be distributed amongst the several parties entitled thereto, according to their respective legal rights.

The exhibits filed with the complaint show that the inventory and appraisement of the estate of Wm. Beverly was made on December 31st, 1857, and that sales were made from time to time between January 3d, 1859, and January 6th, 1860, and that the last return made by Wm. D. Bridges, as administrator, showed a balance in his hands on January 1st, 1863, of $660.25.

The defendants interposed a demurrer upon the following grounds: "I. That the plaintiff has not legal capacity to sue. II. That there is a defect of parties in the omission of the administrator *de bonis non* of the estate of William Beverly, deceased,

and the administrator of Dorcas Odom, deceased." At the trial they also put in an oral demurrer, "that the complaint does not state facts sufficient to constitute a cause of action."

The case was heard on the demurrer by Judge Aldrich, who subsequently filed his decree, in which he held that "an administration on the estate of Dorcas Odom is necessary to enable her heirs at law to receive her interest in the estate of William Beverly, deceased," and also that "an administrator *de bonis non* of the estate of William Beverly, deceased, is a necessary party, who alone can demand an accounting from the personal representatives of the former administrator," and he therefore sustained the demurrer. He goes on, however, to say that he would give the plaintiff leave to amend by making the necessary parties, if he could see that it would be of any service to her. But the action having been commenced twenty-five years after the execution of the administration bond, and more than twenty years after the last return was filed, he thought that such a lapse of time would raise such a presumption of payment as that it could not be rebutted; and that as a plea of payment would be a perfect defence to the plaintiff's claim, it would be useless to protract the litigation by granting leave to amend, and therefore he declined to do so.

The plaintiff appeals, substantially, upon the following grounds: 1. Because of error in holding that the plaintiff did not have legal capacity to bring the action, and that the administrator of Dorcas Odom is a necessary party. 2. Because of error in holding that an administrator *de bonis non* of Wm. Beverly is a necessary party. 3. Because of error in holding that a plea of payment arising from presumption of lapse of time could be sustained before any plea or answer was put in. 4. Because of error in refusing leave to amend, upon the ground that the action would be defeated by a plea of payment.

There can be no doubt that when a plaintiff brings his action he must state in his complaint the facts necessary to show that some legal or equitable right to which he is entitled has been invaded or violated by the defendant, or that such right is so threatened, as to cause him irreparable damage, if not restrained or prevented by the order of the court. In other words, he must state facts showing that he has a cause of action against some one

or all of the defendants against whom he complains. Now, in this case it seems to us quite clear that the plaintiff has not stated facts which, being admitted, show that she has any cause of action whatever against all, or one, or more of the defendants. The object of the action, as stated in the complaint, is to require an accounting from the administrators of the administrators of Wm. Beverly, deceased. Now, unless the plaintiff is a creditor or distributee of the estate of Wm. Beverly, she has no right to demand any such accounting, and therefore has no cause of action. But it appears from the statements made in her complaint that she is not either a creditor or distributee of that estate.

Her mother, Dorcas Odom, and Elizabeth Wise are stated to be the sole distributees of the estate of Wm. Beverly, and the fact that her mother subsequently died, leaving her as her sole heir at law and distributee, cannot make her a distributee of Wm. Beverly's estate. The heirs and distributees of a deceased person are fixed and ascertained by the condition of things as they existed at the time of the death of such person, and at that time the only heirs of Wm. Beverly were Elizabeth Wise and Dorcas Odom. It is quite clear, therefore, that the only person who is entitled to demand and receive the interest of Dorcas Odom in the personal estate of Wm. Beverly is her administrator, and until one is appointed, no one has a right to demand or receive such interest, and, of course, no one has any cause of action to enforce such demand.

So, too, we agree with the Circuit judge that an administrator *de bonis non* of Wm. Beverly is a necessary party. These views are so fully supported by the authorities that we do not deem it necessary to go into any discussion of them. *Bradford* v. *Felder*, 2 *McC. Ch.*, 168; *Petigru* v. *Ferguson*, 6 *Rich. Eq.*, 378; *Read* v. *Read*, 8 *Rich. Eq.*, 145; *Kaminer* v. *Hope*, 9 *S. C.*, 253; *Stevenson* v. *Wilcox*, 16 *S. C.*, 432; *Villard* v. *Robert*, 1 *Strob. Eq.*, 393, besides other cases cited in respondent's argument.

We are therefore entirely satisfied that the demurrer was properly sustained.

The only remaining inquiry is whether there was any error of law in refusing the plaintiff leave to amend. Motions to amend are addressed to the discretion of the court, and therefore are not,

ordinarily, appealable. It is argued, however, in this case that the Circuit judge based his reason for refusing leave to amend upon an erroneous proposition of law, and therefore a proper case is presented for our review. It is true that Judge Aldrich, in discussing the question of amendment, does state, as a reason for refusing the leave, that, in his opinion, "after twenty years the legal presumption of payment cannot be rebutted"—a proposition which we cannot fully indorse. *Boyce* v. *Lake*, 17 *S. C.*, at page 489. Yet we are not called upon to review *the reasons* given for a Circuit judgment, but simply to determine whether the judgment itself is right.

Upon this we can have no hesitation. As we have seen, the plaintiff has no cause of action whatever, and therefore there was nothing to amend by. The only amendment, if it may be so called, which would have answered any practical purpose, would have been to substitute an entirely new plaintiff in the form of an administrator of Dorcas Odom, and that, too, when it did not appear that there was any such person in existence. As was held in *Trumbo* v. *Finley*, 18 *S. C.*, 305, even under the liberal principles of the code, a plaintiff cannot be permitted to amend by substituting a wholly different and new cause of action; and upon the same principle, where, as in this case, a plaintiff shows that *she* has no cause of action, it would seem that an amendment substituting another person as plaintiff, who may have a cause of action, would not be allowable, especially where it does not appear that there is any such other person in existence.

It is true that there is a case (*Jennings* v. *Springs, Bail. Eq.*, *181), in which it was held that it was within the discretion of a chancellor to permit the plaintiff "to amend his bill, upon the payment of the costs of such amendment, by substituting the names of the executors of William Pressley for his own; the bill having been filed by him, as their agent, and his own name erroneously inserted as complainant." But it will be observed that the court express no opinion as to the propriety of allowing such an amendment, and simply confine themselves to the remark that it was within the discretion of the chancellor. We have not been able to find any case in which *Jennings* v. *Springs*, has been

recognised and followed,[1] though there is a case (*Lancaster* v. *Seay*, 6 *Rich. Eq.*, 111) in which, while it is mentioned by Dunkin, Ch., in his Circuit decree, there is nothing to show whether it was approved or disapproved, except that the learned chancellor declined to exercise the discretion which *Jennings* v. *Springs* held he could exercise, doubtless on account of the staleness of the claim, and dismissed the bill.

So that, even if *Jennings* v. *Springs* still be authority (about which there may be some doubt in view of the provisions of section 194 of the code of 1882, as construed in *Trumbo* v. *Finley*, *supra*), it at most only decides that such an amendment is within the discretion of the chancellor, and if so exercised it will not be disturbed; but whether such discretion, by which a new action is, practically, authorized under the guise of an amendment, should be exercised, is a totally different question. In this case the staleness of the claim, especially as no reason was suggested to account for the long delay, was an amply sufficient reason for refusing the leave to amend, as in *Lancaster* v. *Seay*, *supra*; and the further fact, that the amendment would practically amount to the bringing of a new suit, was another sufficient reason, as was held in *Porter* v. *Cain*, *McM. Eq.*, 84.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.